UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN AND HOLLY GUIDRY** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION:** |
| | * | **MAGISTRATE:** |

*************************************************************************

**NOTICE OF REMOVAL**

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 32nd Judicial District Court for the Parish of Terrebonne to this Court.

1. This is an insurance coverage and bad faith case. On August 29, 2022, Plaintiffs Kevin and Holly Guidry ("Plaintiffs") filed a "Petition for Damages" (the "Petition") in Case No. 194535 in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Exhibit A. Plaintiffs seek contractual damages from State Farm under the Policy, as well as damages for detrimental reliance and bad-faith related extra-contractual damages. On March 20, 2023, after State Farm filed an Answer to the Petition, counsel for Plaintiffs made a settlement demand on State Farm for the first time in the amount of $195,000.00. *See* Exhibit B.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant.

3. Plaintiffs assert claims against State Farm related to State Farm's handling of their insurance claim following Hurricane Ida. Generally, Plaintiffs allege their property

sustained damage during Hurricane Ida, resulting in significant damage to the covered property. *See* Exhibit A, ¶ 5. Plaintiffs also make claims regarding alleged deficiencies in State Farm's handling of their claim, including that State Farm failed to tender any payment or failed to tender an amount sufficient to cover Plaintiffs' loss." *See id.*, ¶ 8. Plaintiffs contend that State Farm is liable for damages for damages related to the alleged breach of contract, attorney's fees, costs, and penalties. *Id.* ¶ 11. Finally, Plaintiffs seek damages under La. R.S. 22:1892 and La. R.S. 22:1973 because State Farm allegedly breached its statutory duties of good faith and fair dealing and failed to timely adjust Plaintiffs' claim." *Id.*, ¶¶ 11, 14, 15.

4. State Farm filed an Answer in state court prior to removal, which is included in Exhibit C to this Notice of Removal.

5. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

**I.  GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.  Complete Diversity Exists Between the Parties.**

7. The Petition alleges that Plaintiffs, Kevin and Holly Guidry are domiciled in Terrebonne Parish, Louisiana. Exhibit A, page 1. Accordingly, Plaintiffs are considered citizens of Louisiana for the purposes of diversity jurisdiction.

8. State Farm Fire and Casualty Company is a foreign insurance corporation, incorporated in the state of Illinois, with its principal place of business in Bloomington, Illinois,

and was at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000.00

1. Additionally, Plaintiffs' claims exceed $75,000, exclusive of interest and costs. Plaintiffs seek monetary damages under the Policy's coverages, statutory penalties and attorneys' fees. Exhibit A, ¶¶ 11, 14.

2. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

3. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs, Inc.*, 2017 WL 3447808, at *2 (W.D. La. Aug. 9, 2017).

4. A removing defendant can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering summary-judgment type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.).

5. The Court should consider claims for statutory damages and attorneys' fees when ascertaining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 433 (E.D. La. 2015). In this case, Plaintiffs allege that State Farm has failed to pay the amounts owed to Plaintiffs for damage to their property despite having received "satisfactory proof of loss." Exhibit A, ¶ 13. Plaintiffs further allege that State Farm's purported failure entitles them to recover damages, penalties, and attorney's fees under La. R.S. 22:1973 and La. R.S. 22:1892. *Id.*, ¶¶ 11, 14.

6. Here, Plaintiffs' Petition did not allege an amount in controversy, nor had Plaintiffs made a demand on State Farm prior to filing suit. With regard to damages, Plaintiffs' only alleged that their claims exceed the jury trial threshold, which in Louisiana is $10,000. *See* La. Code Civ. Proc. art. 1732. After State Farm filed its Answer in the state court, Plaintiffs' counsel provided State Farm with a previously reconciled repair estimate and a new repair estimate for gutters. The differences between the parties' estimates based on Plaintiffs' claims regarding outstanding repairs did not meet the minimum amount in controversy, and State Farm was not on notice that Plaintiffs' claims exceeded $75,000. In a subsequent settlement conference between counsel, Plaintiffs' counsel suggested his clients would seek approximately $49,000 in statutory penalties. Again, this amount did not meet the minimum amount, and counsel's suggestion was not reduced to writing that would satisfy the "other papers" requirement. Only after the telephone conference did Plaintiffs' counsel send a written communication that indicated for the first that that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

7. On or about March 20, 2023, Plaintiffs, through their counsel, transmitted a settlement demand in the amount of $195,000.00 t. Exhibit B. The post-petition settlement

demand from Plaintiffs' counsel constitutes an "other paper" for purposes of 28 U.S. § 1446(b)(3). *See Addo v. Globe Life Ace. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000). Accordingly, Plaintiffs' claim on the face of the documents submitted to State Farm on March 20, 2023 is in excess of $75,000.

8. While State Farm admits neither liability nor any element of damages, the contractual benefits, statutory penalties and attorneys' fees demanded by Plaintiffs in their settlement demand clearly satisfy the requirement for amount in controversy under 28 U.S.C. § 1332(a).

## II. VENUE

9. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

## III. PROCEDURAL REQUIREMENTS

10. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A. | Plaintiffs' Petition for Damages |
| B. | Plaintiffs' Settlement Demand |
| C. | Copy of the State Court Record (including all pleadings, process, and orders served on State Farm, and State Farm's Answer and Affirmative Defenses with Jury Demand) |
| D. | State Farm's Certificate of Compliance |

11. The Notice of Removal is being filed within thirty (30) days of service of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained

4284161v.1

that the case is one which is or has become removable on March 20, 2023, and is thus timely filed under 28 U.S.C. § 1446(b)(3).  There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

    12. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.  Exhibit C.

    13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.  Exhibit D.

    14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana promptly after filing of same.  Exhibit D.

    15. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action, as State Farm is the sole defendant named in Plaintiffs' Petition.

    16. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Local Civil Rules of this District Court.

4284161v.1

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Dated: April 17, 2023

Respectfully submitted,

 */s/ Maggie A. Broussard*
Justin P. Lemaire, T.A., La. Bar No. 29948
Maggie A. Broussard, La. Bar No. 33033
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana  70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: jlemaire@stonepigman.com
          mbroussard@stonepigman.com

*Attorneys for State Farm Fire and Casualty Company*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and by e-mail, this 17th day of April, 2023.

 */s/ Maggie A. Broussard*

4284161v.1